### WILLIAM G. WOODS v. WILLIAM WOODS.

**Real Estate—Recovery of Purchase Price.**
When land is to be paid for at the time the amount thereof is ascertained by survey, no interest is collectable prior to survey.

**Power of Vendor.**
Where land is to be paid for at the time the amount thereof is ascertained by survey, the vendor has it in his power to have the land surveyed at any time; and if he fail to do so promptly, and thereby secure the principal and interest, it is his own fault.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 19, 1874.

OPINION BY JUDGE PETERS:

On February 27, 1859, William Woods, by writing, construed to sell to William G. Woods a small tract of land, described in the

writing at the price of $25 per acre, in three equal annual payments after the land was surveyed. Suit was brought by William Woods to coerce the payment of the purchase price of the land by an enforcement of the vendor's lien.

The principal defense relied on is that the plaintiff below was indebted to the defendant, both before and after said contract was made, for labor performed at his request and for him; that he was to be credited on the price of the land for labor which he had theretofore performed for, and at the request of plaintiff, and for such as he should perform for him afterwards; and that he had performed labor at a fair compensation sufficient to pay the purchase money.

No survey of the land appears to have been made until June 3, 1873, when it was surveyed under an order of court and found to contain 23¼ acres; and in July, 1873, judgment was rendered in favor of plaintiff for $581.25, being $25 per acre for the 23¼ acres found to be in the tract, and interest from the date of the judgment for the costs of the suit, and for a sale of the land on credits of six and twelve months on failure of the defendant to pay the money into court on or before August 1, 1873. From that judgment William G. Woods has appealed, and William Woods prosecutes a cross appeal.

If, as is alleged in the answer, appellant had the privilege of paying for the land, and had, in fact, paid a part of the price by labor performed for plaintiff, he should have had it inserted in the writing; and his failure to have the amount of appellee's indebtedness ascertained at the date of the contract, and a credit for it given, or some statement made in relation thereto, at the time, is a circumstance unfavorable to his claim. But, besides, his evidence of the labor performed by him for his vendor, is too vague and uncertain, both as to time and value, to be the basis of judicial action.

On the subject of the cross appeal, it is sufficient to say that, by the terms of the contract, the times of payment were to date from the making of the survey of the land; and if the running of interest is deferred to the period of the survey, appellee cannot be heard to complain, as the remedy was in his own hands.

Judgment *affirmed* on the original and cross appeal.

*Munday & Parson, for appellant.*
*J. G. Wilson, for appellee.*